**Demostede MOJIAS, Plaintiff–Appellant,**

v.

**Deputy JOHNSON, et al., Capt. Massar, Shield # 401, Capt. John Doe, Shield # 83, C.O. Alexander, C.O. John Doe, # 1775, C.O. Castillo, Defendants–Appellees.**

No. 03–0121.

United States Court of Appeals, Second Circuit.

Argued: Sept. 18, 2003.

Decided: Dec. 9, 2003.

---

John Boston (Daniel L. Greenberg and Mary Lynne Werlwas, on the brief), The Legal Aid Society Prisoners' Rights Project, New York, NY, for Plaintiff–Appellant.

Before: FEINBERG, SACK, Circuit Judges, and WEXLER,* District Judge.

FEINBERG, Circuit Judge.

Plaintiff Demostede Mojias appeals from a judgment of the United States District Court for the Southern District of New York dismissing his § 1983 complaint for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a). On appeal, Mojias argues that the district court erred because, before dismissing his complaint, it (1) failed to provide him notice and an opportunity to be heard; and (2) did not "establish the availability of an administrative remedy from a legally sufficient source," as required by our holding in *Snider v. Melindez*, 199 F.3d 108 (2d Cir.1999). Mojias further argues that his claim was not grievable and was thus not barred by the exhaustion requirement of § 1997e(a).

* The Honorable Leonard D. Wexler, of the United States District Court for the Eastern District of New York, sitting by designation.

For reasons stated below, we now reiterate and refine our holding in *Snider* and vacate and remand this case to the district court.

## I. Background

Plaintiff Mojias, at all relevant times a prisoner in the custody of the New York City Department of Corrections, filed his pro se complaint in January 2003. The complaint alleged the excessive use of force against him by prison staff. On the district court's standard complaint form for such actions, Mojias alleged that on July 19, 2002, he was pulled out of the line leaving the jail mess hall, taken into the intake searching room area in handcuffs, and assaulted by two captains and four correctional officers. He further alleged that he was treated in the emergency room the next day for head, back and neck abrasions and swelling as well as a foot injury. In response to the question on the form, "Is there a grievance procedure in this institution?," Mojias checked the box marked "Yes." In response to another question, "Did you present the facts relating to your complaint in the state prisoner grievance procedure?," Mojias checked "No." As an explanation, Mojias wrote that he had filed a personal injury complaint with the New York City Comptroller.

In March 2003, before process had been served or defendants had appeared, the district court sua sponte dismissed Mojias's complaint without prejudice. Without giving him notice that it was considering dismissal or an opportunity to be heard on the subject, the district court decided that "[t]he complaint on its face states that there are administrative remedies available to the plaintiff that he had failed to exhaust," and that Mojias's complaint was thus barred by the administrative exhaustion requirement of § 1997e(a).

This appeal followed. Defendants did not appear in the district court and have not appeared in this court.[1]

## II. Discussion

Mojias, now represented by counsel, points out on appeal that our decision in *Snider* requires a district court to verify from "a legally sufficient source" the availability of an administrative remedy applicable to a prisoner's underlying grievance before dismissing his complaint for failure to exhaust his administrative remedies. Mojias argues that (1) *Snider* requires the district court to afford him notice that it is considering dismissal and an opportunity for him to respond; and (2) the district court thus erred in dismissing his complaint solely on the basis of his pro se complaint form without affording him any opportunity to explain his answers. Mojias contends that this error is particularly glaring because New York City's Department of Correction Directive 3375R specifically lists complaints pertaining to an alleged assault as "non-grievable." Had the district court looked beyond the complaint form and offered Mojias an opportunity to be heard, Mojias says, the court would have seen that there was no administrative remedy he was required to exhaust on his claim of assault.

### A. Dismissal of plaintiff's complaint

#### 1. Standard of Review

In *Snider*, we wrote that "[w]hether an administrative remedy was available to a prisoner in a particular prison or prison system, and whether such a remedy was applicable to the grievance underlying

---

**1.** The New York City Corporation Counsel informed the court by letter that "because the District Court dismissed the *Mojias* action *sua sponte*, before defendants were served, my office will not appear in the appeal and will not file an appellees' brief."

the prisoner's suit, are not questions of fact. They either are, or inevitably contain, questions of law." Snider, 199 F.3d at 113–14. We thus review de novo the district court's sua sponte dismissal of Mojias's complaint for failure to exhaust his administrative remedies. *Neal v. Goord,* 267 F.3d 116, 119 (2d Cir.2001).

### 2. Merits

■ Section 1997e(a) of the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). We have noted that "the provision clearly does not require a prisoner to exhaust administrative remedies that do not address the subject matter of his complaint." *Snider,* 199 F.3d at 113 n. 2.

Although we have stated that "we can perceive no reason why a court should be prohibited from dismissing actions in violation of this mandate on its own motion," *id.* at 112, we have cautioned district courts that such dismissals are not to be entered lightly. In *Snider,* this court considered facts almost identical to those presented here. In that case, a prisoner's § 1983 complaint was sua sponte dismissed without prejudice for failure to exhaust his administrative remedies. *Id.* at 109. The prisoner was not afforded notice or an opportunity to be heard. *Id.* As in this case, "[t]he district court's sole basis for concluding that administrative remedies were available to Snider was that in his standard-form pro se complaint, he answered 'yes' to a question asking him

whether 'there [is] a prisoner grievance procedure in this institution.'" *Id.* at 113.

■ On those facts, we concluded that the district court erred in dismissing Snider's complaint. We noted that "[a] court may not dismiss for failure to exhaust administrative remedies unless the court determines that such remedies are available." *Id.* at 114. Further, we observed that the availability of administrative remedies is at least partly a question of law and that "[t]he court cannot properly determine a question of law on the basis of a party's concession." *Id.* at 113–14. We thus held that a court is "obligated to establish the availability of an administrative remedy from a legally sufficient source before it may dismiss [a prisoner's] complaint," *id.* at 114, and concluded that Snider's answers on the complaint form were "not an adequate basis" to dismiss. *Id.* at 113.

Mojias's case is no different. The district court did not establish the availability of an administrative remedy applicable to Mojias's underlying grievance, instead finding that "[t]he complaint on its face states that there are administrative remedies available to the plaintiff that he has failed to exhaust." Mojias's answers on the complaint form are not a legally sufficient source from which to draw the conclusion that there were available administrative remedies that Mojias failed to exhaust.

Thus, under *Snider,* the district court clearly erred. Moreover, counsel for Mojias argues, his case is not unique. Although the opinion in *Snider* was issued almost four years ago, Mojias's counsel cites decisions in which he claims a district court dismissed prisoner complaints without making the findings required by *Snider.*[2] Although the opinion in *Snider* was

---

**2.** For example, Mojias's counsel claims that in *Timmons v. Pereiro,* 2003 WL 179769

(S.D.N.Y., Jan.27, 2003), the district court, despite citing to the applicable grievance pro-

quite clear, we take this opportunity to reiterate and refine its holding.

As we held in *Snider*, a court considering dismissal of a prisoner's complaint for non-exhaustion must first establish from a legally sufficient source that an administrative remedy is applicable and that the particular complaint does not fall within an exception. See *id.* at 114. Courts should be careful to look at the applicable set of grievance procedures, whether city, state or federal.[3]

We also renew our concern that the prisoner's pro se complaint form "presents numerous possibilities for error." *Id.* at 114 n. 3. In *Snider*, we expressed concern that the form asks only "whether there is a grievance procedure, but not whether the procedure is applicable to the subject matter of the complaint." *Id.* We also noted that the reference to "this institution" invites confusion where a prisoner has been transferred to a different institution since the wrong alleged occurred and that "the form fails to offer a prisoner the opportunity to answer that he does not know whether a grievance procedure exists." *Id.* Although the form itself is not a legally sufficient source from which to determine the availability of administrative remedies, considerable time could be saved and confusion avoided if the form were more explicit and asked, for example, whether a prisoner's claims fall within any exceptions to the prison grievance policy.

Because the district court failed to verify from a legally sufficient source the availability of an administrative remedy applicable to Mojias's claims, we vacate the order of dismissal and remand the case to the district court.

## B. Notice and opportunity to be heard

In *Neal*, 267 F.3d at 123–24, we expressed our opinion that "[s]ince the availability of administrative remedies for an inmate's particular grievance is typically not clear from the face of a complaint, the better practice in a given case may be to afford notice and an opportunity to respond before dismissal when exhaustion is the basis for that action." At that time, we also stated that whether to grant notice and a hearing is within the district court's discretion. See *id.* at 124. In *Snider*, we had earlier suggested that "[u]nless it is unmistakably clear that the court lacks jurisdiction, or that the complaint lacks merit or is otherwise defective, we believe it is bad practice for a district court to dismiss without affording a plaintiff the

---

cedures, failed to notice that those procedures designate assault claims as non-grievable and dismissed a prisoner's use of force claim for non-exhaustion. Similarly, Mojias's counsel points to *Hernandez v. New York City Dep't of Corrections*, 2003 WL 542116 (S.D.N.Y., Feb.18, 2003), a magistrate judge's report and recommendation later adopted by the district court. In that case, Mojias's counsel alleges, the magistrate judge cited the New York City grievance procedure in recommending dismissal of a plaintiff's claims against physicians employed by a private medical care provider, even though that procedure exempts matters outside the Department of Corrections's jurisdiction. These cases are not currently before us, and we express no opinion on them here.

3. In listing decisions allegedly ignoring *Snider*, Mojias's counsel notes a number of decisions in which he claims the courts looked erroneously to New York *State* grievance procedures in dismissing the claims of New York *City* prisoners. *See, e.g., Kearsey v. Williams*, 2002 WL 1268014 (S.D.N.Y., June 6, 2002), *John v. New York City Dep't of Corrections*, 183 F.Supp.2d 619 (S.D.N.Y.2002), and *Harris v. New York City Dep't of Corrections*, 2001 WL 845448 (S.D.N.Y., July 25, 2001). Although we express no opinion on these cases here, we note the need for care in identifying and applying the correct set of administrative remedies to a prisoner's claim.

opportunity to be heard in opposition." *Snider*, 199 F.3d at 113; cf. *Doral Produce Corp. v. Paul Steinberg Assoc.*, 347 F.3d 36, 44 (2d Cir.2003) (holding that "*[o]rdinarily*, a contemnor should not be held in contempt under [ ] summary procedures...without affording him an opportunity to speak in his defense"). Further, "dismissal in such a manner may be, by itself, grounds for reversal." *Snider*, 199 F.3d at 113 (internal quotation marks and citation omitted); *see also Schlesinger Inv. P'ship v. Fluor Corp.*, 671 F.2d 739, 742 (2d Cir.1982) ("[f]ailure to afford an opportunity to address the court's sua sponte motion to dismiss is, by itself, grounds for reversal.") (quoting *Lewis v. New York*, 547 F.2d 4, 6 n. 4 (2d Cir.1976)).

In *Snider*, faced with almost identical circumstances to those presented here, we held that the district court erred in dismissing the complaint without providing notice and an opportunity to respond. *Snider*, 199 F.3d at 113. We now reiterate that notice and an opportunity to respond are necessary in cases such as these and accordingly hold that the district court erred in denying them to Mojias.

### III. Conclusion

The judgment of the district court dismissing Mojias's complaint is vacated, and the case is remanded for further proceedings consistent with this opinion.