**Kiro Raheam TIMMONS,
Plaintiff–Appellant,**

v.

**PEREIRO, Captain, Shield # 1151, Now-
inski, Correctional Officer, Shield
# 14852, Paul Faulk, Director of Oper-
ations of Saint Barnabas Hospital and
Beckford, Physicians Assistant, Act-
ing in Concert and Individual Capaci-
ties, Defendants–Appellees.**

Docket No. 03–7190.

United States Court of Appeals,
Second Circuit.

Feb. 18, 2004.

John Boston, The Legal Aid Society,
Prisoners' Rights Project, New York, New
York (Daniel L. Greenberg and Mary
Lynne Werlwas, of counsel), for Appellant.

Ellen Ravitch, Assistant Corporation
Counsel, New York, New York (Michael A.
Cardozo, Corporation Counsel of the City
of New York, and Stephen J. McGrath, of
counsel), for Appellees.

PRESENT: JACOBS, SACK, and
RAGGI, Circuit Judges.

*SUMMARY ORDER*

Kiro Raheam Timmons appeals from
the judgment entered in the United States
District Court for the Southern District of
New York (Preska, *J.*), dismissing his
prisoner rights suit for failure to exhaust
administrative remedies. Timmons's com-
plaint asserted various claims against Cap-
tain Pereiro and Officer Nowinski ("the
correctional defendants") and Director
Faulk and Physician's Assistant Beckford
("the medical defendants"), employees of
St. Barnabas Hospital. Familiarity is as-
sumed as to the facts, the procedural con-
text, and the specification of appellate is-
sues.

"[A] prisoner must exhaust his or her
administrative remedies prior to filing a
claim under § 1983"; however, "exhaus-
tion is not jurisdictional." *Richardson v.
Goord,* 347 F.3d 431, 434 (2d Cir.2003) (per
curiam) (citing 42 U.S.C. § 1997e(a)). "[A]
court is 'obligated to establish the avail-
ability of an administrative remedy from a
legally sufficient source before it may dis-
miss [a prisoner's] complaint....' " *Moji-
as v. Johnson,* 351 F.3d 606, 609 (2d Cir.
2003) (quoting *Snider v. Melindez,* 199
F.3d 108, 114 (2d Cir.1999) (noting that a
party's admission is not a "legally suffi-
cient source")). Determining "[w]hether
an administrative remedy was available
... and whether such a remedy was appli-
cable to the grievance ... are, or inevita-
bly contain, questions of law.' " *Id.* at
608–09 (quoting *Snider,* 199 F.3d at 113–
14). Accordingly, we review *de novo* a
district court's dismissal of a prisoner's

448

suit for failure to exhaust administrative remedies. *Id.* at 609.

The parties agree on appeal, consistent with the governing law, that:

1. The district court properly dismissed the medical care claim against the correctional defendants because New York City's Inmate Grievance Program was available and applied, and Timmons failed to exhaust his administrative remedies thereunder. This portion of the district court's judgment is therefore affirmed.

2. The district court's dismissal of the assault claim against the correctional defendants was improper because New York City's Inmate Grievance Program expressly excludes such a claim, and Timmons need not exhaust inapplicable administrative remedies. This portion of the district court's judgment is therefore vacated.

3. The district court improperly dismissed the claim against the medical defendants because it did not identify an available and applicable administrative remedy that Timmons failed to exhaust. This portion of the district court's judgment is therefore vacated.

The parties disagree, however, as to whether [1] the defendants may argue on remand that a proper administrative remedy exists pursuant to New York City's Department of Health's ("DOH") procedures and that Timmons has failed to exhaust this remedy or [2] defendants waived this particular defense by failing to present it in their initial Rule 12 motion for dismissal. Accordingly, on remand, the district court is to "determine (1) whether [Timmons] properly exhausted his administrative remedies with regard to [this] claim[ ] ..., or [ (2) ] whether the [medical] defendants waived compliance with the exhaustion requirement by failing to raise it" in regard to the administrative remedies available under DOH procedures.

*Davis v. New York,* 316 F.3d 93, 101 (2d Cir.2002).

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for further proceedings consistent with this order.