Gokaran SINGH, Plaintiff–Appellant,

v.

DISTRICT COUNCIL 37, Melissa Brown, individually and in her official capacity as Attorney for DC 37, Allan Brown, former assigned DC 37 Attorney, individually and in his official capacity, Juan Fernandez, individually and in his official capacity, New York City Office of Labor Relations, Jude Symanski, Department of Design & Construction, Martin Ellenberg, Pooran Sookchan, Office Manager, Robert Matti, Director of Internal Audit, Gloria Parker, Director of Equal Employment Opportunity, Martha Bechtold, Director of Employee Relations, Patrick Larkin, P.E., Deputy Director, Donald Granger, P.E., Borough Director, Thomas Wynne, P.E., Former Borough Director, Jeff Bonne, Deputy Commissioner of Administration, John Pusz, Assistant Commissioner, Kenneth R. Holden, Former Commissioner, New York City, Defendants–Appellees.

No. 05–2255.

United States Court of Appeals, Second Circuit.

Dec. 11, 2006.

Gokaran Singh, pro se, New York, NY, for Appellant.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WALKER, and Hon. REENA RAGGI, Circuit Judges.

### *SUMMARY ORDER*

Gokaran Singh, *pro se,* appeals from the February 23, 2005 judgment of the United States District Court for the Eastern District of New York (Garaufis, J.) dismissing Singh's complaint, filed in *forma pauperis,* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and certifying that any appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). We assume the parties' familiarity with the facts, procedural background and issues presented for review.

This court reviews *de novo* the dismissal of a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e). *See Mojias v. Johnson,* 351 F.3d 606, 609 (2d Cir.2003).

■ (1) Singh's claim under 42 U.S.C. § 2000(e) was properly dismissed for failure to exhaust administrative remedies. *See Legnani v. Alitalia Linee Aeree Italiane, S.P.A.,* 274 F.3d 683, 686 (2d Cir. 2001) *(per curiam).*

■ (2) Singh's due process claim was properly dismissed because he failed to allege a deprivation of a cognizable property interest: his interest in obtaining other employment positions within the Department of Design & Construction and his desire for an exceptional performance evaluation are "abstract need[s], desire[s] or unilateral expectation[s]" and do not suffice. *See Abramson v. Pataki,* 278 F.3d 93, 99 (2d Cir.2002).

■ (3) Singh's equal protection claim was properly dismissed because his allegation of invidious discrimination is conclusory. *See Albert v. Carovano,* 851 F.2d 561, 572 (2d Cir.1988) (in *banc*).

■ (4) On appeal, Singh raises new claims, including breach of contract, violation of the Sixth and Ninth Amendments, and deprivation of the right to represent oneself at an arbitration hearing held pursuant the Equal Pay Act, 29 U.S.C. § 206(d). As a general rule, "federal appeals courts do not consider arguments raised for the first time on appeal." *Gulino v. N.Y. State Educ. Dep't,* 460 F.3d 361, 380 n. 22 (2d Cir.2006) (citation omitted).

We have considered all of Singh's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is affirmed.