14-4058-bk
*ANZ Sales, Inc. v. Bank of Baroda*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of November, two thousand and fifteen.

Present:
        PETER W. HALL,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges,*
        CHRISTINA REISS,
            *District Judge.**

_____

IN RE: INDU CRAFT, INC.,

            *Debtor.*

_____

ANZ SALES, INC.,

            *Appellant,*

    v.                               No. 14-4058-bk

BANK OF BARODA,

            *Appellee.*

_____

For Appellant:      Serhiy Hoshovsky, Hoshovsky Law Firm LLC, New York, New York.

For Appellee:       William J. Hanlon, Seyfarth Shaw LLP, Boston, Massachusetts.

_____

---

\*     Hon. Christina Reiss, United States District Court for the District of Vermont, sitting by designation.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Batts, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

ANZ Sales, Inc. ("ANZ") attempts here to revive the long-running litigation that is *In re Indu Craft, Inc.* We assume the parties' familiarity with the facts and procedural history of this and related matters. This latest appeal presents two narrow issues. ANZ contends that (1) the district court erred in not affording ANZ the opportunity to be heard on the issue of its standing to appeal two bankruptcy court orders before dismissing that appeal**,** and (2) the district court did not have jurisdiction to determine the issue of standing because another Indu Craft creditor's motion for reconsideration was still pending before the bankruptcy court.[1]

In determining whether the district court lacked subject matter jurisdiction, we review its factual findings for clear error and its legal conclusions *de novo*. *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 725-26 (2d Cir. 2000).

It is well-established that a district court may raise the issue of standing *sua sponte*, as it did here. *United States v. Hays*, 515 U.S. 737, 742 (1995); *see also In re Gucci*, 126 F.3d 380, 387-88 (2d Cir. 1997) ("Whether a claimant has standing is the threshold question in every federal case, determining the power of the court to entertain the suit." (quotation marks omitted)). It is generally good practice, nevertheless, for courts to give a party an opportunity to oppose a contemplated *sua sponte* dismissal for lack of standing because "[i]t gives the adversely affected party a chance to develop the record to show why dismissal is improper; it facilitates *de novo* review of legal conclusions by ensuring the presence of a fully-developed record before an

---

[1] ANZ raises this argument for the first time in its Reply Brief on appeal, but because the question of subject matter jurisdiction may be raised at any time during litigation, we consider the argument.

appellate court; and, it helps the trial court avoid the risk that it may have overlooked valid answers to what it perceives as defects in plaintiff's case." *McGinty v. New York*, 251 F.3d 84, 90 (2d Cir. 2001) (citations omitted). Indeed, we have reversed dismissals for failure to afford such an opportunity. *See id.* (citing *Lewis v. New York*, 547 F.2d 4, 5-6 & n.4 (2d Cir. 1976)). It is proper, however, for a district court to dismiss an action for lack of subject matter jurisdiction without providing notice and an opportunity to be heard where "it is unmistakably clear that the court lacks jurisdiction, or that the [appeal] lacks merit or is otherwise defective." *Mojias v. Johnson*, 351 F.3d 606, 610-11 (2d Cir. 2003); *see also Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999); *Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990) ("[A] trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win relief . . . . [I]t is practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources." (quotation omitted)).

Where, as here, a district court is acting not as a trial court but as an appellate court and has before it a fully developed record, there is little benefit in requesting briefing or conducting a hearing to discuss standing. Dismissal without notice and on the basis of the existing record under such circumstances may well be appropriate. Because the district court's decision was based on the nature and content of prior court orders, all of which were part of the record before it, the court properly addressed the issue of standing without asking the parties to brief or argue that issue. *Cf. McGinty*, 251 F.3d at 90 (explaining policy reasons for giving parties the opportunity to respond to a contemplated dismissal, which focus on developing a full record).

Finally, ANZ's contention that the district court lacked subject matter jurisdiction to consider its own subject matter jurisdiction is nonsensical. *See Floyd v. City of New York*, 302 F.R.D. 69, 115-16 (S.D.N.Y. 2014) ("Standing is jurisdictional, and courts always have

3

jurisdiction to decide their own jurisdiction." (citing *In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 374 (2d Cir. 2005)).

We have carefully considered ANZ's other arguments and find them to be without merit. For the reasons described above, the judgment of the district court is AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk