Carlos ARIAS–MIESES, Plaintiff,

v.

CSX TRANSPORTATION,
INC., Defendant.

No. 08 Civ. 11163 (VM).

United States District Court,
S.D. New York.

June 24, 2009.

Carlos Arias–Mieses, New York, NY, pro se.

Loren Gesinsky, Gibbons P.C., New York, NY, for Defendant.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

■ Pro se plaintiff Carlos Arias–Mieses ("Arias–Mieses") brought this action against his former employer, CSX Transportation, Inc. ("CSXT"), claiming violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17 ("Title VII"). Arias–Mieses alleges discriminatory conduct consisting of termination, unequal terms and conditions of employment, and retaliation. CSXT moves pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") to dismiss the complaint for failure to state a claim.[1] Specifically, CSXT asserts that Arias–Mieses's complaint is barred by the applicable statute of limitations.[2] Because the Court finds that Arias–Mieses's complaint is time-barred, CSXT's motion is GRANTED.

### I. BACKGROUND[3]

Arias–Mieses was employed as a track inspector with CSXT from 2000 until his suspension on May 15, 2007. In the Complaint, Arias–Mieses outlines several incidents over the course of his employment that he alleges were motivated by a plot orchestrated by CSXT and union representatives to terminate his employment. Arias–Mieses alleges years of harassment involving allegedly false accusations of insubordination, unwarranted suspensions, insults, isolation, and physical aggression towards Arias–Mieses.

Arias–Mieses was removed from service on May 15, 2007 for events that occurred that day. Arias–Mieses was charged with entering a work area without proper job briefing or permission, behaving disruptively, and making inconsistent statements concerning his claim that he was punched by a section foreman. By letter dated May 31, 2007, Arias–Mieses was instructed to attend a formal investigation on June 12, 2007 at CSXT's Division Engineer's Office to determine his responsibility, if any, in connection with the incidents that occurred on May 15, 2007. Arias–Mieses attended the investigation, and on July 9, 2007, CSXT informed Arias–Mieses by letter of his termination.

Arias–Mieses filed an appeal, alleging that the transcript of the investigation did not accurately reflect the June 12, 2007 investigation. Arias–Mieses attended an arbitration hearing at the CSXT headquarters on June 25, 2008 (the "Arbitration"). On March 26, 2009, a final and binding arbitration decision was issued, upholding Arias–Mieses's termination.

Prior to the Arbitration, on June 6, 2008 Arias–Mieses wrote to the United States Department of Transportation, Federal Railroad Administration Office of Civil Rights ("DOT") complaining of a hostile work environment that allegedly led to his termination. By letter dated July 31,

---

1. CSXT indicates that it is also moving to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"). However, because CSXT does not discuss Rule 12(b)(1) in its moving papers, the Court will address only the Rule 12(b)(6) motion.

2. Defenses based on statutes of limitations are properly brought under Rule 12(b)(6) as motions to dismiss for failure to state a claim. *See Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir.1989).

3. The factual summary that follows derives from Arias–Mieses's complaint, received by the Pro Se Office on November 24, 2008 ("Complaint"), and CSXT's Reply Memorandum of Law in Support of Its Motion to Dismiss, dated March 30, 2009. The Court accepts all well-pleaded facts in the Complaint as true for the purpose of ruling on a motion to dismiss. *See Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 180 (2d Cir.2008). Unless specifically referenced, no further citation to these sources will be made.

2008, the DOT forwarded Arias–Mieses's complaint to the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Dismissal and Notice of Rights letter on September 9, 2008. Arias–Mieses commenced this action on November 24, 2008.

CSXT moves to dismiss the Complaint pursuant to Rule 12(b)(6), asserting that Arias–Mieses failed to exhaust administrative remedies because he did not file a timely complaint with the EEOC. Arias–Mieses opposes the motion, arguing that the statute of limitations began to run, at the earliest, on June 25, 2008, the date of the Arbitration. Additionally, Arias–Mieses contends that letters written by him to various parties, including the DOT, demonstrate that he exhausted his administrative remedies.

## II. *LEGAL STANDARD*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. The task of the court in ruling on a motion to dismiss is to "assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *In re Initial Pub. Offering Secs. Litig.*, 383 F.Supp.2d 566, 574 (S.D.N.Y.2005) (internal quotation marks and citation omitted). The court must accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

▇▇▇ In the case of a pro se litigant, the court reads the pleadings leniently and construes them to raise "the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999) (citation and internal quotation marks omitted). This guidance applies with particular force when the plaintiff's civil rights are at issue. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir.2004); *see also Flaherty v. Lang*, 199 F.3d 607, 612 (2d Cir.1999). However, even pro se plaintiffs asserting civil rights claims are not exempt from Twombly's threshold that the pleadings must contain factual allegations sufficient to raise a "right to relief above the speculative level." 550 U.S. at 555, 127 S.Ct. 1955.

## III. *DISCUSSION*

▇▇▇ Before initiating a Title VII action in federal court, a claimant must first have filed an administrative complaint with the EEOC and obtained a right-to-sue letter. *See Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir.2001) (citations omitted). This administrative exhaustion requirement is an essential element of Title VII. Allowing the EEOC the opportunity to hear the claim, investigate, mediate, and take remedial action avoids unnecessary action by the federal courts. *See Stewart v. United States Immigration and Naturalization Service*, 762 F.2d 193, 198 (2d Cir.1985).

▇▇▇ "An employment discrimination claim must be filed with the EEOC within 300 days of the alleged discrimination in a state, like New York, with a fair employment agency." *Id.* (*citing* 42 U.S.C. § 2000e–5(e)); *see also Mohasco Corp. v.*

*Silver*, 447 U.S. 807, 810, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). "[D]iscriminatory incidents not timely charged before the EEOC will be time-barred upon the plaintiff's suit in district court." *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 325 (2d Cir.1999) (*quoting Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir.1998) (internal quotation marks omitted)); *see also Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 550 U.S. 618, 624, 127 S.Ct. 2162, 167 L.Ed.2d 982 (2007) (noting that failure to file a charge with the EEOC within the specified period bars an individual from challenging any employment practice in court).

▮▮ Arias–Mieses had 300 days to file his administrative complaint after the "alleged unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1). A discriminatory termination can be deemed an "unlawful employment practice." *See id.* § 2000e–2(a) ("It shall be an unlawful employment practice for an employer-(1) ... to discharge any individual ... because of such individual's race, color, religion, sex or national origin"). Further, "a discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.'" *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Termination occurs on the day the parties understand the discharge to be final. *Id.* The July 9, 2007 letter from CSXT to Arias–Mieses clearly indicated that the proper measure of discipline for the May 15, 2007 incidents was termination. Therefore, for the purposes of this case the limitations period commenced to run on July 9, 2007.

▮▮ The commencement of a grievance procedure does not delay the start of the 300–day period. *See Joseph v. New York City Bd. of Educ.*, 171 F.3d 87, 91 (2d Cir.1999) (*citing Delaware State College v. Ricks*, 449 U.S. 250, 257, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980)). "[T] he pendency of

a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods." *Delaware State College*, 449 U.S. at 257, 101 S.Ct. 498 (*citing Electrical Workers v. Robbins & Myers, Inc.*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976)). The existence of a grievance procedure in no way suggests that a decision to terminate is tentative. "The grievance procedure, by its very nature, is a *remedy* for a prior decision, not an opportunity to *influence* that decision before it is made." *Ricks*, 449 U.S. at 261, 101 S.Ct. 498 (emphasis in original). Thus, it is inconsequential that Arias–Mieses appealed the decision to terminate his employment or that he attended an appeal hearing in June 2008. The Court notes that although Arias–Mieses did submit a letter of complaint to the DOT, that letter is not equivalent to the required filing of a charge with the EEOC. *See Ryan v. New York State Thruway Auth.*, 889 F.Supp. 70, 78–79 (N.D.N.Y.1995). Arias–Mieses's complaint was not forwarded to the EEOC until July 31, 2008, 387 days after his termination. As a result, Arias–Mieses's claim is time-barred.

▮▮ Although "filing a timely charge of discrimination with the EEOC ... is subject to waiver, estoppel, and equitable tolling," *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), Arias–Mieses has not alleged, nor does the Court find, that any of these grounds constitute an adequate basis for relief from the limitation period. In order for a defendant to be estopped from asserting a statute of limitations defense, the plaintiff must allege that some conduct by the defendant "caused him to delay bringing his [claim]." *Dillman v. Combustion Eng'g, Inc.*, 784 F.2d 57, 60–61 (2d Cir.1986) (*citing Cerbone v. International Ladies' Garment*

*Workers' Union,* 768 F.2d 45, 49–50 (2d Cir.1985)). Arias–Mieses has not pointed to any such conduct by CSXT with respect to his Title VII claim.

Finally, the doctrine of equitable tolling applies only "'in [ ] rare and exceptional circumstance[s].'" *Zerilli–Edelglass v. New York City Transit Auth.,* 333 F.3d 74, 80 (2d Cir.2003) (alteration in original) (*quoting Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000)). The doctrine applies only when "a party is 'prevented in some extraordinary way from exercising his rights.'" *Id.* (*quoting Johnson v. Nyack Hosp.,* 86 F.3d 8, 12 (2d Cir.1996)). A litigant seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (*citing Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)). Pro se filings, although held to more lenient standards, are not excused from establishing these elements. *See, e.g., Valverde v. Stinson,* 224 F.3d 129, 133 (2d Cir.2000) (applying general equitable tolling principles against pro se litigant); *see also Doe v. Menefee,* 391 F.3d 147, 175 (2d Cir. 2004) (holding that "pro se status does not in itself constitute an extraordinary circumstance meriting tolling"). Here, Arias–Mieses has not shown that "an extraordinary circumstance" prevented him from filing a timely EEOC complaint, and the Court does not find sufficient grounds for tolling the limitation period.

Additionally, the complaint that Arias–Mieses filed with the DOT by letter on June 6, 2008 does not toll the statute of limitations. *See Ryan,* 889 F.Supp. at 78–79 (finding that the filing of a discrimination charge with the DOT failed to toll the statute of limitations for purposes of filing a complaint with the EEOC). Even if Arias–Mieses's June 6, 2008 complaint to the DOT were to toll the statute of limitations, that letter was sent more than 300 days after Arias–Mieses's termination on July 9, 2007. Accordingly, the Court concludes that Arias–Mieses Title VII claim is time-barred and CSXT's motion to dismiss is GRANTED.

## IV. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 7) of defendant CSX Transportation, Inc. to dismiss the complaint is GRANTED.

The Clerk of the Court is directed to withdraw any pending motions and to close this case.

**SO ORDERED.**