**Shirley Ann DIMPS, Plaintiff,**

**v.**

**NEW YORK STATE OFFICE OF MENTAL HEALTH, et al., Defendants.**

**No. 10 CIV. 6148 (VM).**

United States District Court, S.D. New York.

April 1, 2011.

Shirley Ann Dimps, South Bronx, NY, pro se.

Jose Luis Velez, State of New York Office of the Attorney General, New York, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiff Shirley Ann Dimps ("Dimps") filed this pro se action against defendants New York State Office of Mental Health ("OMH"), OMH's Manhattan Psychiatric Center, ("OMH Manhattan") and OMH's Kirby Forensic Psychiatric Center (collectively, "Defendants"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2, et seq. ("Title VII"), and New York State Human Rights Law, N.Y. Exec. Law §§ 290, et seq. ("NYSHRL"). Dimps alleges that Defendants discriminated against her on the basis of her race by subjecting her to unequal terms and conditions of employment, retaliation, and by denying her the privilege of employment.

On November 23, 2010, Defendants moved to dismiss the action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rule 12(b)(1)") for lack of subject matter jurisdiction and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") for failure to state a claim upon which relief can be granted. Specifically, Defendants assert that (1) Dimps's State discrimination claim (the "NYSHRL Claim") is barred by the NYSHRL election-of-remedies provision; (2) Dimps may not maintain the NYSHRL Claim against a State agency pursuant to the principle of sovereign immunity; (3) Dimps's Title VII Claim (the "Title VII Claim") is barred as untimely, as her complaint to the Equal Employment Opportunities Commission ("EEOC") was filed more than 300 days after the last alleged discriminatory action; and (4) Dimps fails to provide sufficient factual allegations in support of her claims.

For the reasons discussed below, Defendants' motion to dismiss is GRANTED.

## I. *BACKGROUND* [1]

Dimps, who is an African American, was hired by OMH Manhattan in 2007 as a "Stores Clerk 2," a supervisory position. Despite holding the position of a Stores Clerk 2, Dimps alleges that she was given the tasks of a "Stores Clerk 1," which is an entry-level position and ranks below a Stores Clerk 2. Dimps alleges that, rather than give her the supervisory authority to which she was entitled by virtue of her position, her supervisor, Juan Negron ("Negron"), delegated supervisory authority to another employee who was a Stores Clerk 1 and was not African American. When Dimps requested the responsibilities of a Stores Clerk 2, Negron refused to assign them to her. Dimps resigned from her position at OMH Manhattan on December 18, 2007.

Dimps filed a complaint with the New York State Division of Human Rights ("SDHR") on December 22, 2008 (the "SDHR Complaint"), alleging that she was discriminated against because of her race in violation of the NYSHRL. (*See* Decl. of Jose L. Velez (Docket No. 15) ¶ 3.) Following an investigation, SDHR found no probable cause to believe that Defendants had engaged in the unlawful discriminatory conduct of which Dimps complained. In particular, SDHR determined that there was no evidence of Defendants taking any adverse action against Dimps with regards to the terms of her employment and found

---

**1.** The factual summary that follows derives from Dimps's complaint, dated July 23, 2010 ("Complaint"), a supplemental pleading, dated January 15, 2011 (the "Supplemental Pleading"), and documents attached thereto or referenced therein. Unless specifically referenced, no further citation to these sources will be made.

that Dimps chose to resign voluntarily from her position.

On December 22, 2008, Dimps filed a complaint with EEOC alleging violation of Title VII. (*See* Decl. of Jose L. Velez (Docket No. 15) ¶ 3.) According to EEOC's April 26, 2010 Right–to–Sue letter (the "Right–to–Sue Letter"), EEOC closed its files on Dimps's federal employment discrimination claims because it "adopted the findings of the state or local fair employment agency that investigated the charge." (Compl. Ex. A at 1.)

On July 23, 2010, Dimps filed her Complaint in this Court alleging that Defendants discriminated against her on the basis of race, in violation of Title VII and the NYSHRL.

## II.  *DISCUSSION*

### A.  NYSHRL CLAIM

#### 1.  *Legal Standard*

The inquiry on a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) concerns whether the district court has the statutory or constitutional power to adjudicate the case. *See Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000). "[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Fin. Servs. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir.1998). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova,* 201 F.3d at 113. In reviewing a motion to dismiss for lack of subject matter jurisdiction, a court may consider evidence outside the pleadings. *See id.*

#### 2.  *Election of Remedies*

■ Defendants argue that Dimps's State discrimination claim is barred by the NYSHRL election-of-remedies provision contained in NYSHRL § 297(9), thus depriving this Court of jurisdiction. Pursuant to NYSHRL § 297(9), a plaintiff who has previously filed a complaint with SDHR may not file a lawsuit in federal court based on the same underlying conduct. Courts generally recognize only two exceptions to this jurisdictional bar: (1) complaints filed with SDHR but dismissed for administrative convenience, and (2) a complaint filed with SDHR by EEOC. *See Alston v. Microsoft Corp.,* No. 08 Civ. 3547, 2009 WL 1116360, at *10 (S.D.N.Y. Apr. 27, 2009); *see also* N.Y. Exec. Law § 297(9). Therefore, because Dimps individually filed a claim with SDHR, and the exceptions to the NYSHRL § 297(9) are not applicable, the Court finds that Dimps has failed to meet her burden of establishing subject matter jurisdiction as to her NYSHRL Claim. The Court therefore grants Defendants' motion to dismiss as to that claim.

#### 3.  *Sovereign Immunity*

■ The Defendants also argue that as State agencies, they are immune from NYSHRL Claims brought against them in federal court. The Court agrees, and finds that to the extent that Dimps's NYSHRL Claim is asserted against the State or its entities and is not barred by NYSHRL § 297(9), it is nonetheless prohibited on sovereign immunity grounds.

The Eleventh Amendment protects states and "entities considered arms of the state" from suit in federal court. *McGinty v. New York,* 251 F.3d 84, 95 (2d Cir.2001) (internal quotation marks omitted). Defendants are agencies of the State of New York and therefore are "arms of the state entitled to sovereign immunity." *See, e.g., Lambert v. N.Y. State Office of Mental Health,* No. 97 Civ. 1347, 2000 WL 574193, at *7 (E.D.N.Y. Apr. 24, 2000) (barring plaintiff from bringing NYSHRL claims

against OMH as a State agency). Because the language of the NYSHRL does not waive sovereign immunity for the State of New York or for OMH, Dimps's NYSHRL Claim must be dismissed. *See Cajuste v. Lechworth Developmental Disabilities Serv.,* No. 03 Civ. 0161, 2005 WL 22863, at *3 (S.D.N.Y. Jan. 4, 2005).

Accordingly, sovereign immunity also requires dismissal of Dimps's NYSHRL Claim.

## B. THE TITLE VII CLAIM

### 1. *Statute of Limitations*

Defendants argue that Dimps's Title VII Claim is time-barred because she failed to file her claim with EEOC within the statute of limitations established by Title VII. The Court agrees.

Pursuant to Title VII, "a claimant may bring suit in federal court only if she has filed a timely complaint with EEOC and obtained a right-to-sue letter." *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.,* 274 F.3d 683, 686 (2d Cir.2001) (internal citations omitted). "An employment discrimination claim must be filed with EEOC within 300 days of the alleged discrimination in a state, like New York, with a fair employment agency." *Id.* (*citing* 42 U.S.C. § 2000e–5(e)). "Discriminatory incidents not timely charged before EEOC will be time-barred upon the plaintiff's suit in district court." *Tewksbury v. Ottaway Newspapers,* 192 F.3d 322, 325 (2d Cir. 1999) (internal quotation marks omitted). "The 300–day period starts to run when the claimant receives notice of the allegedly discriminatory act, not when the allegedly discriminatory decision takes effect." *Moorehead v. N.Y.C. Transit Auth.,* 385 F.Supp.2d 248, 251 (S.D.N.Y.2005).

█ Even assuming that Dimps did not learn of the alleged discrimination against her until December 18, 2007, the date on which she resigned from her position with OMH Manhattan, she did not file her com-

plaint with EEOC until December 22, 2008, well over 300 days later. Therefore, Dimps's Title VII Claim is time-barred. The Complaint does not invoke the doctrine of equitable tolling, nor does it describe any circumstances from which the Court could reasonably infer that the facts presented would satisfy the showing that must be made to satisfy the standard. *See Arias–Mieses v. CSX Transp., Inc.,* 630 F.Supp.2d 328, 333 (S.D.N.Y.2009).

## C. FAILURE TO STATE A CLAIM

Because Dimps's claims are barred for the reasons discussed above, the Court need not address whether the allegations in the Complaint would withstand a motion to dismiss under Rule 12(b)(6).

## III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 11) of defendants New York State Office of Mental Health, Office of Mental Health's Manhattan Psychiatric Center, and Office of Mental Health's Kirby Forensic Psychiatric Center ("Defendants") to dismiss the complaint of plaintiff Shirley Ann Dimps ("Dimps") is GRANTED; and it is further

**ORDERED** that the Clerk of the Court is directed to enter judgment in favor of Defendants dismissing Dimps's complaint in this action.

The Clerk of the Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**