Josefina **LEGNANI**, Plaintiff–Appellant,

v.

**ALITALIA LINEE AEREE ITALIANE, S.P.A.,** Defendant–Appellant.

No. 00–9005.

United States Court of Appeals, Second Circuit.

Argued Oct. 19, 2001.

Decided Dec. 18, 2001.

Josefina Legnani, New York, NY, Plaintiff–Appellant, pro se.

Miriam Lieberson, New York, N.Y. (Elise M. Bloom, Jackson Lewis Schnitzler & Krupman, of counsel), for Defendant–Appellee.

Before OAKES, CARDAMONE and JACOBS, Circuit Judges.

PER CURIAM.

Plaintiff-appellant, Josefina Legnani, appearing *pro se*, appeals from a judgment of the United States District Court for the Southern District of New York, Alvin K. Hellerstein, *Judge*, dismissing her complaint pursuant to Fed.R.Civ.P. 12(b)(6). The district court found that, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-to 2000e–17 (1994) ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634 (1999) ("ADEA"), Legnani's action was time-barred because she failed to file a charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the accrual of the cause of action. Because Legnani's retaliation claim is "reasonably related" to a discrimination charge the plaintiff previously filed with the EEOC, we reverse the judgment of the district court and remand for further proceedings.

## BACKGROUND

This case involves two employment discrimination actions filed by Legnani against her previous employer, Alitalia Linee Aeree Italiane, S.P.A. ("Alitalia"). In July 1993, Legnani filed an EEOC charge of discrimination against Alitalia. In January 1995, after receiving a right-to-sue letter from the EEOC, Legnani, through counsel, filed the first employment discrimination action. Her complaint alleged sexual harassment and retaliation in violation of Title VII and the New York City Human Rights Law. *See Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, No. 95–CV–0202(SAS), 1997 WL 642556, at *1 (S.D.N.Y. Oct.16, 1997). Legnani claimed she was sexually harassed by a co-worker and was demoted immediately after complaining to Alitalia about the alleged conduct. *Id.* On October 16, 1997, the district court granted summary judgment for Ali-

talia on the sexual harassment claim but allowed the retaliation claim to go forward. *Id.* at \*6.

In early 1998, while Legnani's retaliation claim was still pending in district court, Alitalia terminated Legnani's employment. According to Legnani, she was terminated in retaliation for filing the initial discrimination suit.

On or about February 17, 1998, Legnani requested leave to amend her complaint in the initial action to add a retaliatory discharge claim stemming from the termination of her employment. The district court denied the motion.[1]

Following a bench trial on the first discrimination action, the district court *sua sponte* entered judgment as a matter of law in favor of Alitalia, finding that Legnani could not demonstrate a *prima facie* case of retaliation in violation of Title VII. *See Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 173 F.3d 845, No. 98–7493, 1999 WL 132178, at \*1 (2d Cir. Mar.9, 1999) (unpub.decision). Legnani, now proceeding *pro se*, appealed and this court affirmed the district court's judgment.[2] *Id.* at \*1–3.

On November 30, 1998, while her appeal on the initial action was pending, Legnani filed a second EEOC charge under Title VII and the ADEA. The charge alleged retaliatory discharge based on the filing of the original EEOC charge and the subsequent lawsuit, and discrimination based on gender, age, and national origin. On July 27, 1999, the EEOC issued Legnani a right-to-sue letter. On December 8, 1999, Legnani filed her second action against Alitalia.

Alitalia moved to dismiss Legnani's complaint on the ground that it was time-barred because Legnani failed to file an EEOC charge within 300 days of the accrual of the cause of action, as required under Title VII and the ADEA. *See* 42 U.S.C. § 2000e–5(e)(1); 29 U.S.C. § 626(d). Alitalia argued that Legnani's claim accrued on January 2, 1998, 332 days before she filed her EEOC charge, when her supervisor asked her to gather her belongings and leave the premises. In response, Legnani argued that the action accrued on February 10, 1998, when she received a letter from Alitalia's general manager confirming her termination. Agreeing with Alitalia, the district court found that the EEOC·charge filed on November 30, 1998, was filed more than 300 days after the accrual of the cause of action and therefore granted Alitalia's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

## DISCUSSION

 We review *de novo* a district court's grant of a motion to dismiss pursuant to Rule 12(b)(6), accepting all factual allegations in the complaint as true and drawing all inferences in the plaintiff's favor. *See Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir.2000). We may affirm "only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.'" *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir.1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

---

1. The district court docket sheet does not reflect that Legnani moved to amend her complaint, or that the court acted on the motion. Both parties agree, however, that Legnani made the motion, and that the district court denied the motion during a pretrial conference.

2. Legnani did not appeal the district court's denial of her motion for leave to amend, nor did she appeal the grant of summary judgment on the harassment claim.

Legnani argues that the district court in the first action erred in denying her motion to amend the complaint to include a claim of retaliatory discharge because the retaliation claim was "reasonably related" to the claims made in the first EEOC charge. According to Legnani, she was not required to file a second EEOC charge and therefore cannot be subject to the 300–day filing requirement.

■ Legnani has forfeited the right to appeal the denial of the motion to amend in the first action because she failed to raise such a claim in a timely manner following the entry of judgment in that case. *See* Fed. R.App. P. 4(a)(1)(A). However, in order to determine whether Legnani's second action was time-barred, we must determine whether Legnani was required to file the second charge with the EEOC and was therefore subject to the 300–day filing requirement.

■ Under both Title VII and the ADEA, a claimant may bring suit in federal court only if she has filed a timely complaint with the EEOC and obtained a right-to-sue letter. *See* 42 U.S.C. § 2000e-5(e) and (f); 29 U.S.C. § 626(d); *Shah v. N.Y. State Dep't of Civil Serv.,* 168 F.3d 610, 613 (2d Cir.1999); *Malarkey v. Texaco, Inc.,* 983 F.2d 1204, 1208 (2d Cir. 1993). Exhaustion of administrative remedies through the EEOC is "an essential element" of the Title VII and ADEA statutory schemes and, as such, a precondition to bringing such claims in federal court. *Francis v. City of New York,* 235 F.3d 763, 768 (2d Cir.2000); *see also Butts v. N.Y. Dep't of Hous. Pres. & Dev.,* 990 F.2d 1397, 1401 (2d Cir.1993), *superseded by statute on other grounds as stated in Hawkins v. 1115 Legal Service Care,* 163 F.3d 684 (2d Cir.1998); *Malarkey,* 983 F.2d at 1208.

We have recognized, however, that "claims that were not asserted before the EEOC may be pursued in a subsequent federal court action if they are 'reasonably related' to those that were filed with the agency." *Shah,* 168 F.3d at 614; *see also Malarkey,* 983 F.2d at 1208. A claim " 'alleging retaliation by an employer against an employee for filing' " a discrimination charge is one type of claim we have recognized as "reasonably related" to the underlying discrimination charge. *Shah,* 168 F.3d at 614 (quoting *Butts,* 990 F.2d at 1402); *accord Malarkey,* 983 F.2d at 1208–09.

■ In the present case, Legnani's complaint alleges that Alitalia retaliated against her for filing the initial EEOC charge. First, the complaint describes much of the factual and procedural background of the initial claim, including the alleged sexual harassment and retaliatory demotion. Second, the complaint alleges that, after Legnani filed the initial lawsuit, her supervisors retaliated against her, gave her negative job reports and below-average salary increases, and reprimanded and publicly humiliated her. Finally, the complaint alleges that Legnani was terminated two months before trial was scheduled in the initial action. Reading Legnani's complaint with the required liberality, *see Platsky v. CIA,* 953 F.2d 26, 28 (2d Cir.1991) *(per curiam )* (citing *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) *(per curiam )),* we conclude that the complaint sufficiently alleges that the negative job reports, below-average salary increases, reprimands, and ultimate termination were retaliation against Legnani for the discrimination charge filed with the EEOC in July 1993 and are therefore reasonably related to that charge.

■ Because Legnani's retaliation claim is reasonably related to her initial discrimination charge, she was not required to file a second charge with the EEOC for that

claim.[3] Therefore, the retaliation claim was not time-barred by the 300–day filing limitation.[4] Accordingly, we reverse the district court's judgment and remand for further proceedings on the merits.

In addition to the Title VII retaliation claim, Legnani's complaint alleges discrimination on the basis of gender, age, and national origin in violation of Title VII and the ADEA. The complaint does not elaborate on the facts surrounding these claims, and the district court did not specifically address the timeliness of each of these claims. Therefore, in addition to proceeding on the merits of the retaliation claim, the district court should determine whether the gender, age, and national origin discrimination claims are "reasonably related" to the underlying EEOC charge such that they are not time-barred.

Legnani raises several additional arguments on appeal which, given our decision to remand, we need not consider.

## CONCLUSION

For the reasons discussed above, we reverse the district court's judgment dismissing the retaliation claim and remand the case for further proceedings consistent with this opinion.

3. Such a holding does not affect the district court's decision in the first action denying Legnani's motion for leave to amend as Legnani was free to file a separate action alleging the retaliation claim without returning to the EEOC.

4. Alitalia argues that a charging party cannot amend or otherwise relate back to an EEOC charge that has been dismissed by the EEOC, and, therefore, Legnani cannot rely on her first EEOC charge in this action. The issue is not, however, whether Legnani can amend her initial discrimination charge but, rather, whether the present claim is sufficiently related to the initial charge to make a second EEOC charge unnecessary. *See Butts*, 990 F.2d at 1402. As we said in *Malarkey*, "[w]e see no reason why a retaliation claim must arise before administrative proceedings terminate in order to be reasonably related. Instead, the rule is that a claim must arise only after the EEOC complaint has been filed." *Malarkey*, 983 F.2d at 1209.