**Betty FLOYD, Plaintiff–Appellant,**

v.

**LORD & TAYLOR, Defendant–Appellee.**

No. 03–7008.

United States Court of Appeals, Second Circuit.

May 25, 2004.

Betty Floyd, New York, NY, for Appellant, pro se.

Frederic P. Rickles, Gilbride, Tusa, Last & Spellane LLC, New York, N.Y. (Richard B. Korn, The May Department Stores Company, St. Louis, MO, on the brief), for Appellee.

Present: WALKER, Chief Judge, POOLER, Circuit Judge, and MURTHA,* District Judge.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of

---

* The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

said district court be and it hereby is **AFFIRMED.**

*Pro se* plaintiff-appellant Betty Floyd appeals from the December 10, 2002 judgment of the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge* ) dismissing her complaint with prejudice for failure to state a claim. We review *de novo* a district court's dismissal of a complaint under Fed. R.Civ.P. 12(b)(6). *See Zerilli–Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 79 (2d Cir.2003). Such dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Id.* (internal quotation marks omitted). Applying this standard to Floyd's case, we affirm. Familiarity with the proceedings before the district court is assumed.

On August 27, 2002, Floyd filed a complaint in the district court against her former employer, defendant-appellee Lord & Taylor, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967 (the "ADEA"), 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12101 *et seq.* Floyd failed, however, to attach to her complaint any documentation showing that she had filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), which is a prerequisite to bringing suit in federal court under Title VII, the ADEA, and the ADA. *See, e.g., Zerilli–Edelglass,* 333 F.3d at 76, 80 (affirming district court's dismissal under Fed.R.Civ.P. 12(b)(6) of plaintiff's claims under the ADA and Title VII for failure to timely file EEOC complaint); *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.,* 274 F.3d 683, 686 (2d Cir.2001) ("Under both Title VII and the ADEA, a claimant may bring suit in federal court only if she has filed a timely complaint with the EEOC and obtained a right-to-sue letter."). When granted the opportunity to provide the requisite documentation to the district court, Floyd submitted papers indicating, at best, that she had filed an EEOC complaint 29 days *after* the statutory deadline. *See* 42 U.S.C. § 2000e–5(e)(1) (EEOC complaint must be filed within 300 days of "alleged unlawful employment practice" where complainant has previously filed a complaint with a state or local agency). There being no reason apparent in the record why the statutory deadline should not have barred Floyd from bringing suit, *cf.  Zerilli–Edelglass,* 333 F.3d at 80–81 (discussing "extraordinary" circumstances in which statutory deadline may be equitably tolled), the district court properly dismissed the complaint.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**