**Lora E. POUND, Plaintiff,**

v.

**AMERICAN RED CROSS BLOOD SERVICES N.Y. PENN REGION, Defendant.**

**No. 04–CV–6391L.**

United States District Court, W.D. New York.

Nov. 8, 2004.

Lora E. Pound, Rochester, NY, pro se.

Lucretia C. Clemons, Richard L. Strouse, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, PA, Linda T. Prestegaard, Phillips Lytle LLP, Rochester, NY, for Defendant.

## DECISION AND ORDER

LARIMER, District Judge.

### INTRODUCTION

Plaintiff, Lora Pound, commenced this action *pro se* against her former employer, defendant, American Red Cross Blood Services, New York–Penn Region, alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Plaintiff, a former Account Manager with defendant, contends that defendant discriminated against her and other female employees by implementing a work production quota that adversely affected the terms and conditions of employment. She also alleges defendant terminated her in retaliation for complaining of discrimination.

Before the Court is defendant's motion to partially dismiss plaintiff's complaint. (Dkt.# 3). Defendant argues that some of plaintiff's claims are untimely and that others were not exhausted through administrative channels. Defendant's motion is granted in part and denied in part.[1]

1. Although plaintiff's response to defendant's motion contained numerous documents related to the merits of her allegations of defendant's alleged discriminatory practices, the

## DISCUSSION

### I. Timeliness

 Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(e), a plaintiff in New York state must file an administrative charge of discrimination within 300 days of the alleged unlawful conduct. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). This requirement acts as a statute of limitations to bar claims based on discrete acts of discrimination that fall outside of the 300–day period. *Id.*

Plaintiff filed an administrative charge with the EEOC on March 16, 2004. She filed a subsequent charge on May 14, 2004, following her termination. (Dkt.# 1, attachments). To the extent that plaintiff's complaint alleges discrete acts of discrimination that occurred before May 21, 2003 (300 days before the March charge was filed), defendant's motion is granted.

However, defendant's blanket request to dismiss *all* allegations in plaintiff's complaint that precede May 21, 2003 is denied. It would be unwise to sweep with such a broad brush at this early stage of the proceedings. Plaintiff's claims do not necessarily allege specific, discrete acts of discrimination. To the contrary, plaintiff's complaint states that in July 2001 defendant implemented a work production quota that adversely affected the terms and conditions of employment (including salary and bonuses) of female employees. She claims this practice continued through her April 2004 termination.

These allegations could be read to allege a discriminatory policy or practice of the defendant, in which case the so-called continuing violation exception may apply. " 'Under the continuing violation exception to the Title VII limitations period, if a Title VII plaintiff files an EEOC charge that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that policy will be timely even if they would be untimely standing alone.' " *Patterson v. County of Oneida*, 375 F.3d 206, 220 (2d Cir.2004) (quoting *Lambert v. Genesee Hospital*, 10 F.3d 46, 53 (2d Cir.1993)).

Here, plaintiff's alleges in her complaint at least one timely act that took place in September 2003 in furtherance of that policy, which is well within the 300–day time period. Therefore, if her claim is based on a discriminatory policy or practice, then it may be timely even though the practice began prior to May 21, 2003. *Id.; see also Cornwell v. Robinson*, 23 F.3d 694, 703–04 (2d Cir.1994).

Defendant failed to address the continuing violation exception in its motion. Given the early stage of these proceedings, prudence dictates against defining the contours of plaintiff's allegations of discrimination based solely on her *pro se* form complaint and without the benefit of discovery. It may be that after further development, plaintiff's allegations regarding the production quota do not amount to a policy or practice and that all claims prior to May 21, 2003 would be untimely.[2] That

---

Court has not considered these at this time. The defendant's motion to dismiss addresses whether plaintiff's claims are timely and were raised with the EEOC. In deciding that motion, the Court may refer only to the complaint and documents attached thereto, like the EEOC charges and investigation findings. The time for plaintiff to argue the merits of

her case, and for the Court to consider these documents, will come at a later point in the action.

**2.** In addition, plaintiff's allegations also could be construed as raising a "disparate impact" claim. *See Malave v. Potter*, 320 F.3d 321 (2d

cannot be determined on this motion to dismiss, however. Therefore, defendant's motion to dismiss as time-barred *any and all claims* that may have arisen prior to May 23, 2003 is denied at this time.[3]

## II. Exhaustion of Administrative Remedies

■ I agree with defendant that certain claims asserted by plaintiff in her form complaint must be dismissed because they were not raised during the administrative proceedings. A plaintiff may bring a claim of discrimination in federal court under Title VII only after filing a timely charge of discrimination with the EEOC raising that particular claim. *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82–83 (2d Cir.2001). The purpose of the requirement is to give the administrative agency the opportunity to investigate, mediate and take remedial action with respect to the allegations of discrimination. Claims of discrimination not raised in, or reasonably related to, the charge filed with the EEOC cannot be asserted for the first time in district court. *Legnani v. Alitalia Linee Aeree Italiane,* 274 F.3d 683, 686 (2d Cir.2001) ("Exhaustion of administrative remedies through the EEOC is 'an essential element' of the Title VII … statutory scheme[ ] and, as such, a precondition to bringing such claims in federal court.").

Defendant correctly notes that plaintiff failed to raise claims that defendant failed to accommodate her, failed to promote her, and harassed her in her administrative charge. Nor did plaintiff raise a disability discrimination claim with the EEOC. Although plaintiff checked boxes on her form complaint complaining of such acts, these

issues clearly were not asserted in either of plaintiff's EEOC charges. Moreover, these claims cannot be said to be reasonably related to the charges of discrimination that were raised and investigated by the EEOC, namely the work production quotas and defendant's reasons for terminating plaintiff. The findings of the EEOC investigation did not address accommodation, promotion, sexual harassment or hostile work environment. Therefore, defendant's motion to dismiss claims in the complaint based on disability discrimination, failure to accommodate, failure to promote, and harassment is granted.

## III. Breach of the Previous Settlement Agreement

In response to defendant's motion, plaintiff filed a sur-reply. (Dkt. # 8). She states that, prior to filing two charges of discrimination with the EEOC in 2004, she filed a previous charge of discrimination against defendant in April of 2002. This charge appears to have been resolved between the parties through negotiation with the EEOC and resulted in a written settlement agreement dated June 20, 2002. Plaintiff asks the Court to review her April 2002 charges and the settlement agreement and to include them as part of her current claim against defendant. She states that "since the original agreement was not adhered to all actions concerning it and what came after should be looked at …. Because of their lack of follow through, their underhanded actions, and the original unresolved EEOC charges dating back to 2002 I ask the Court to include it all." (Dkt.# 8).

Cir.2003); *Smith v. Xerox Corp.,* 196 F.3d 358, 364 (2d Cir.1999).

**3.** Defendant is not precluded from addressing this issue again in the context of a summary

judgment motion following the development of the nature of plaintiff's claims through discovery.

It is unclear whether plaintiff wants to use her first charge of discrimination and defendant's actions regarding the 2002 agreement as evidence in support of her current claims of discrimination, or whether plaintiff wants to amend her complaint to add a separate claim against defendant for breach of the June 2002 settlement agreement.

Plaintiff in a discrimination action may use time-barred actions of a defendant as background evidence in support of her current claims of discrimination, provided that evidence is relevant and otherwise admissible. *See Morgan,* 536 U.S. at 113, 122 S.Ct. 2061. Therefore, even a finding that some of her claims are time-barred will not preclude her from seeking to admit prior acts of defendant as evidence in support of timely claims.

If plaintiff seeks to amend her complaint to add a claim that defendant breached the settlement agreement, she must do so by December 8, 2004. Defendant has not filed an answer yet and, therefore, plaintiff may amend her complaint as of right. FED. R. CIV. P. 15(a). I make no findings as to whether plaintiff can prevail on that claim, whether that claim is timely, or whether plaintiff has exhausted (or is even required to exhaust) her administrative remedies.[4]

## CONCLUSION

Defendant's motion to dismiss (Dkt.# 3) is granted in part and denied in part, as follows:

- Defendant's motion to dismiss as untimely discrete acts of discrimination that occurred before May 21, 2003 is granted;

- Defendant's motion to dismiss as untimely any other claims of discrimination that occurred before May 21, 2003 based on a policy or practice of discrimination is denied;

- Defendant's motion to dismiss claims in the complaint based on disability discrimination and defendant's alleged failure to accommodate, failure to promote, and harassment is granted based on the failure to exhaust administrative remedies.

If plaintiff intends to amend her complaint to add a claim that defendant breached the June 2002 settlement agreement, she must do so by **December 8, 2004.**

IT IS SO ORDERED.

---

4. It is noteworthy, though, that plaintiff raised the issue of the breach of the settlement agreement with the EEOC in her May 14, 2004 charge of discrimination. The EEOC made no specific findings regarding the claim of breach of the agreement. However, the EEOC did issue a right to sue letter and, therefore, it appears likely that plaintiff has exhausted this claim.