Donna D. WILLIAMS, Plaintiff–
Appellant,

v.

Carl FLETCHER, Defendant–Appellee.

No. 05–3058–CV.

United States Court of Appeals,
Second Circuit.

Feb. 16, 2006.

Donna D. Williams, Irvington, N.J., for
Plaintiff–Appellant, pro se.

Keisha–Ann G. Gray, Assistant United
States Attorney (Steven Kim), for Roslynn
R. Mauskopf, United States Attorney for
the Eastern District of New York, Brook-
lyn, N.Y., for Defendant–Appellee, of coun-
sel.

PRESENT: Hon. GUIDO
CALABRESI, Hon. CHESTER J.
STRAUB, Circuit Judges, and Hon.
CHRISTOPHER F. DRONEY,* District
Judge.

SUMMARY ORDER

Plaintiff–Appellant Donna D. Williams, a
former employee of the U.S. Department
of Commerce, Bureau of the Census
("Census Bureau"), appeals *pro se* the dis-
trict court's Rule 12(b)(6) dismissal of her
sexual harassment claim, which was

---

* The Honorable Christopher F. Droney, United
States District Judge for the District of Con-
necticut, sitting by designation.

brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The district court dismissed Williams's claim on the ground that, since she did not file a grievance with her employer's Equal Employment Opportunity ("EEO") counselor within 45 days of the alleged sexual harassment, she had failed to exhaust her administrative remedies as required by 29 C.F.R. § 1614.105(a)(1).

We presume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal, which we reference only as necessary to explain our decision.

Williams argues that she satisfied the exhaustion requirement through letters sent to various agencies within the Department of Commerce, including the EEO office for the Census Bureau. The district court correctly held, however, that none of the letters Williams submitted in support of this contention make any reference to sexual harassment on the part of the defendant. Dismissal is appropriate where, as here, "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see Legnani v. Alitalia Linee Aeree Italiane, S.P.A.,* 274 F.3d 683, 686 (2d Cir.2001) ("Exhaustion of administrative remedies through the EEOC is an essential element of the Title VII ... statutory scheme[ ] and, as such, a precondition to

bringing such claims in federal court." (internal quotation marks omitted)).[1]

We have carefully considered all of Williams's other arguments and find them to be without merit. The decision of the district court is therefore AFFIRMED.

---

1. We further note that the defendant-appellee moved below to dismiss under Fed.R.Civ.P. 12(b)(6) or, alternatively, for summary judgment under Fed.R.Civ.P. 56. Although the district court granted the motion to dismiss pursuant to Rule 12(b)(6), the factual record discussed in the district judge's opinion suggests that the issues might have been more suitable to review under a summary judgment standard. However, even applying the *de novo* standard of review appropriate to a summary judgment grant and construing the evidence in the light most favorable to the non-moving party, *see Feifer v. Prudential Ins. Co. of Am.,* 306 F.3d 1202, 1208 (2d Cir.2002), we conclude that summary judgment in favor of the defendant-appellee is appropriate.

