10-1873-cv
Schupak Group, Inc. v. Travelers Casualty and Surety Company of America

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of June, two thousand eleven.

Present:     RALPH K. WINTER,
                ROSEMARY S. POOLER,
                PETER W. HALL,
                   *Circuit Judges*

---

SCHUPAK GROUP, INCORPORATED,

                       *Plaintiff-Appellant*,

     -v.-                                         10-1873-cv

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,

                       *Defendant-Appellee*.[1]

---

For Appellant:        Barry I. Slotnick, H. Marc Tepper, Kristi A. Davidson, Buchanan Ingersoll & Rooney PC, New York, NY.

For Appellee:         Richard S. Mills, Carol A. Pisano, McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York, NY.

---

[1] The Clerk of the Court is instructed to conform the caption in accordance herewith.

Appeal from the United States District Court for the Southern District of New York (Scheindlin, *J.*).

**ON CONSIDERATION WHEREOF**, **IT IS HEREBY ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of said district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Schupak Group, Inc. ("Schupak") is a sponsor for an ERISA plan, which the complaint alleges was victimized by Bernard L. Madoff's fraud.

Defendant-Appellee Travelers Casualty and Surety Company of America ("Travelers") had provided the ERISA compliance bond, as required by 29 U.S.C. § 1112(a), which insured Schupak's plan against fraud and other dishonest acts committed by any "employee," which was defined in relevant part in the insurance policy as "[a] trustee, an officer, employee, administrator or manager, except an administrator or manager who is an independent contractor, of any Employee Welfare or Pension Benefit Plan (hereafter called Insurance Plan) covered by this policy."

After Madoff's arrest, the Schupak Group, through Donald Schupak, filed a claim with Travelers seeking to recover the value of its investment losses. In the "Proof of Loss" form, Mr. Schupak stated that Madoff was "Custodian and Investment Trustee," as "delegated by the Plan Trustee."

Shortly thereafter, Travelers sent a letter to Mr. Schupak acknowledging receipt of the Proof of Loss. In that letter, Travelers also requested "copies of any agreements, contracts or other documents between the Insured and Bernard L. Madoff Securities, LLC," because "there [was] a question as to if Mr. Bernard Madoff [was] considered an 'Employee'" under the terms of the bond. Travelers further explained that "[f]rom the information you have provided it seems that Mr. Madoff would not be considered an 'employee' . . . rather, an independent contractor."

Mr. Schupak responded by letter, refusing to produce any documentation of the relationship with Madoff and instead insisting that Madoff "was squarely within the definition of trustee," which definition Mr. Schupak quoted from Webster's Dictionary.

Travelers responded to Mr. Schupak by letter, again requesting copies of relevant documents. Specifically, Travelers wrote: "If the Insured Plan has a plan instrument naming Bernard L. Madoff as a trustee of the Insured Plan; a document confirming that Bernard L. Madoff accepted being named or appointed a trustee of the Insured Plan; an agreement, contract or other document pursuant to which the Insured Plan appointed Bernard L. Madoff an investment manager to manage some or all of the assets of the Insured Plan; and any other contract agreement or document which the Insured Plan contends establishes that Bernard L. Madoff is within the definition of 'Employee' in the Bond, Travelers again requests that they be provided."

Mr. Schupak again refused to produce any documents relating to Madoff's appointment as trustee, insisting that he was not required to do so. He also stated: "Respectfully, the policy is

-2-

written in English, which is a language I do understand. Your letter is replete with obfuscations [sic] and irrelevant references, which do not and cannot limit or modify Traveler's [sic] obligations under the policy."

Travelers then denied coverage, and Schupak filed suit. The district court dismissed Schupak's complaint for failure to state a claim because Schupak failed to plead that it had adequately complied with its obligations under the bond.

We assume the parties' familiarity with the remaining facts, procedural history and issues presented for review.

"We review de novo a district court's grant of a motion to dismiss pursuant to Rule 12(b)(6), accepting all factual allegations in the complaint as true and drawing all inferences in the plaintiff's favor." *Legnani v. Alitalia Linee Aeree Italiane*, *S.P.A.*, 274 F.3d 683, 685 (2d Cir. 2001). The plaintiff's complaint must, however, "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp.v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "We may affirm a district court decision based on 'any ground appearing in the record." *Freedom Holdings, Inc. v. Cuomo*, 624 F.3d 38, 49 (2d Cir. 2010).

Under New York law, a breach of contract claim requires proof of (1) an agreement, (2) adequate performance by the plaintiff, (3) breach by the defendant, and (4) damages. *First Investors Corp. v. Liberty Mut. Ins. Co.*, 152 F.3d 162, 168 (2d Cir. 1998); *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996).

Schupak's complaint, read liberally, contains no factual allegations giving rise to a reasonable inference that Madoff was a "trustee" for the purposes of the Bond. Indeed, the complaint is utterly conclusory with respect to Madoff's status under the Bond. *See* Compl. ¶ 19. Moreover, the complaint asserts, on its face, that funds in question were placed in Madoff's control after passing through a third party intermediary, FGLS, LLC, *see id.* ¶¶ 9-10, thereby negating the plausibility of any assertion that Madoff was affiliated with the ERISA plan whose assets the Bond insured.

We have considered all of Schupak's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk