11-143-cv
*Tanvir v. N.Y.C. Health & Hosp. Corp.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of May, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
RAYMOND J. LOHIER, JR.,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

---

SHAHID TANVIR,

*Plaintiff-Appellant*,

-v.-                                        11-143-cv

NEW YORK CITY HEALTH & HOSPITALS CORPORATION,

*Defendant-Appellee.**

---

FOR APPELLANT:      SHAHID TANVIR, *pro se*, Elmwood Park, NJ.

FOR APPELLEE:       Ronald E. Sternberg (Leonard Koerner, *on the brief*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY.

---

*The Clerk of the Court is respectfully directed to amend the caption to conform to the above.

Appeal from the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Appellant Shahid Tanvir, proceeding *pro se*, appeals the district court's judgment in which it granted summary judgment in favor of the defendant, New York City Health & Hospitals Corporation ("HHC"), with respect to his employment discrimination claims brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**Administrative Exhaustion of Tanvir's ADEA Claim**

"Exhaustion of administrative remedies through the EEOC is an essential element of the Title VII and ADEA statutory schemes and, as such, a precondition to bringing such claims in federal court." *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (per curiam) (internal quotation marks omitted). However, a

2

claim that was not presented to the EEOC may still be pursued where the claim is "reasonably related" to the claims that were brought before the agency. *See id.* (internal quotation marks omitted). Tanvir did not present his age discrimination claims to the EEOC, and he has not established that his age discrimination claims are "reasonably related" to the claims before the agency. We therefore affirm the district court's decision to dismiss Tanvir's ADEA claims based on a failure to exhaust administrative remedies.

**Failure-to-Promote and Retaliation Claims**

To establish a *prima facie* case of disparate treatment with respect to a failure-to-promote claim under Title VII, a plaintiff must show that: "(1) [he] is a member of a protected class; (2) [he] applied and was qualified for a job for which the employer was seeking applicants; (3) [he] was rejected for the position; and (4) the position remained open and the employer continued to seek applicants having the plaintiff's qualifications." *Estate of Hamilton v. City of New York*, 627 F.3d 50, 55 (2d Cir. 2010) (quotation marks omitted). To establish a *prima facie* claim of retaliation under Title VII, a plaintiff must show that: (1) he engaged

3

in a protected activity; (2) the employer was aware of the protected activity; (3) the employer took adverse employment action against the plaintiff; and (4) a causal connection exists between the protected activity and the adverse action. *See Terry v. Ashcroft*, 336 F.3d 128, 141 (2d Cir. 2003). A plaintiff cannot establish a *prima facie* case of discrimination under Title VII based on "purely conclusory allegations of discrimination, absent any concrete particulars." *See Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985).

Under both types of claims, once the plaintiff has presented a *prima facie* case, the burden of production shifts to the defendant to articulate, through the introduction of admissible evidence, a legitimate, nondiscriminatory reason for the adverse employment action. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254-55 (1981). Once the employer has met this burden, the burden shifts back to the plaintiff to demonstrate that the nondiscriminatory reason was merely a pretext for discrimination. *See Burdine*, 450 U.S. at 256.

4

The record fully supports the district court's finding that HHC met its burden of articulating legitimate, nondiscriminatory reasons for the adverse employment actions alleged in Tanvir's complaint, and that Tanvir had not met his burden of showing that the reasons provided by HHC were pretextual in nature and that discriminatory animus was the real reason for the actions.  Accordingly, we also affirm the district court's grant of summary judgment in HHC's favor with respect to Tanvir's Title VII failure-to-promote and retaliation claims.

**Hostile Work Environment Claim**

Though not expressly addressed by the district court, we determine that summary judgment is also proper on Tanvir's hostile work environment claim.  *See Chase Manhattan Bank, N.A. v. Am. Nat'l Bank & Trust Co. of Chicago*, 93 F.3d 1064, 1072 (2d Cir. 1996).  To establish a hostile work environment claim, a plaintiff must demonstrate, among other things, that his workplace was "permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  *Harris v. Forklift Sys.,*

5

*Inc.*, 510 U.S. 17, 21 (1993) (citation and internal quotation marks omitted).

Tanvir's hostile work environment claim appears to be based on an aggregation of all the actions alleged in his failure-to-promote and retaliation claims. He has failed to demonstrate that any of the actions were discriminatory in nature.  Additionally, he has not suggested that he was exposed to race- or national origin-based comments (positive or negative) in his workplace.  Based on the lack of evidence supporting a finding that his workplace environment was one characterized by "discriminatory intimidation, ridicule, and insult" of a "severe or pervasive" nature, summary judgment is appropriate with respect to this claim as well.

We have considered Tanvir's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk