15-1917-cv
Kirkweg v. New York City Department of Education

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of February, two thousand sixteen.

PRESENT: RALPH K. WINTER,
REENA RAGGI,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

-----------------------------------------------------------------------

BARBARA KIRKWEG,

*Plaintiff-Appellant,*

v.

No. 15-1917-cv

NEW YORK CITY DEPARTMENT OF EDUCATION,

*Defendant-Appellee.*

-----------------------------------------------------------------------

APPEARING FOR APPELLANT: STEPHEN BERGSTEIN, Bergstein & Ullrich, LLP, Chester, New York.

APPEARING FOR APPELLEE: ELLEN RAVITCH, Assistant Corporation Counsel (Pamela Seider Dolgow, Assistant Corporation Counsel, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 15, 2015, is VACATED AND REMANDED.

Plaintiff Barbara Kirkweg, the former principal of Bronx Aerospace High School, appeals the dismissal of her claim against defendant New York City Department of Education ("DOE") for retaliation under Title VII of the Civil Rights Act of 1964, see 42 U.S.C. § 2000e *et seq.,* the New York State Human Rights Law, see N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, see N.Y.C. Admin. Code § 8–101 *et seq.* ("NYCHRL"). See Kirkweg v. New York City Dep't of Educ., No. 14-cv-9961, 2015 WL 2236239 (S.D.N.Y. May 13, 2015). We review a judgment of dismissal de novo, "accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." Fink v. Time Warner Cable, 714 F.3d 739, 740–41 (2d Cir. 2013). In so doing, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to vacate and remand.

Kirkweg claims that, in retaliation for her May 29, 2014 and July 31, 2014 filings with the Equal Employment Opportunity Commission ("EEOC") in which she alleged that DOE retaliated against her for filing a 2012 charge of race and age discrimination, DOE took further adverse action by issuing her a poor performance review, and, after she

2

retired pursuant to the settlement of her 2012 claim, denying her compensation for unused sick days and placing her under investigation for employee misconduct.

In granting dismissal, the district court concluded that Kirkweg lacked a "good faith basis" to think that her May 29 filing constituted protected activity because, to the extent she asserted retaliation in the form of inadequate funding for her school, that claim had been settled, see Kirkweg v. New York City Dep't of Educ., 2015 WL 2236239 at *4, and, to the extent she asserted revocation of a pay increase she had awarded a staff member, that revocation decision was not adverse to Kirkweg, see id. at *4 n.2. Kirkweg persuasively challenges the latter conclusion. Acts that humiliate or undermine an employee's authority with subordinates can constitute adverse action supporting a claim for retaliation whether or not accompanied by any pecuniary injury. See Howley v. Town of Stratford, 217 F.3d 141, 154−55 (2d Cir. 2000). The crucial inquiry is whether the act could dissuade a reasonable employee from making a discrimination claim against the employer. See Burlington N. & Sante Fe Ry. Co. v. White, 548 U.S. 53, 68−70 (2006). While a pattern of humiliating or undermining activity may more readily yield a positive answer, it cannot be said that a single act—including the single act here—is insufficient as a matter of law to support that inference. Thus, to the extent this was the basis for dismissal, we are obliged to vacate and remand.

DOE, however, urges us to affirm dismissal of Kirkweg's claims for retaliatory misconduct investigation and denial of sick pay on the ground that they are not

3

administratively exhausted and not "reasonably related" to her 2014 EEOC filings. The argument is defeated by precedent. See Legnani v. Alitalia Linee Aeree Italiane, S.p.A., 274 F.3d 683, 686 (2d Cir. 2001) (noting that "claims that were not asserted before the EEOC may be pursued in a subsequent federal court action if they are reasonably related to those that were filed with the agency," and that "[a] claim alleging retaliation by an employer against an employee for filing a discrimination charge is one type of claim we have recognized as reasonably related to the underlying discrimination charge" (internal quotation marks omitted)); Butts v. City of New York Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1402 (2d Cir. 1993) (explaining that, where plaintiff alleges that employer retaliated against him for filing charge, "we have relaxed the exhaustion requirement based on the close connection of the retaliatory act to both the initial discriminatory conduct and the filing of the charge itself"). Nevertheless, on remand, Kirkweg must replead her complaint to allege facts showing that she had a good faith, reasonable basis to believe that she was opposing a proscribed discriminatory practice in filing her EEOC charge.

For the foregoing reasons, we VACATE the district court's dismissal of Kirkweg's retaliation claim, and we REMAND the case for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court