Adril JENNINGS, Plaintiff,

v.

### SUNY HEALTH SCIENCE CENTER AT BROOKLYN (DOWNSTATE MEDICAL CENTER), Defendant.

16 Civ. 578 (ILG) (SMG)

United States District Court, E.D. New York.

Signed August 19, 2016

Michael Lynn Ferch, New York, NY, for Plaintiff.

Roderick Leopold Arz, Office of the Attorney General of New York, New York, NY, for Defendant.

## MEMORANDUM AND ORDER

GLASSER, Senior United States District Judge:

### INTRODUCTION

Plaintiff Adril Jennings brings this action against her former employer the State University of New York ("SUNY"), alleging that she was discriminated against because of her race and, when she protested the discrimination, fired in retaliation. She thus brings claims under 42 U.S.C. § 1981, N.Y. Exec. Law § 296 ("New York State Human Rights Law"), New York City, N.Y., Code § 8-107(1) ("New York City Human Rights Law"), and 42 U.S.C. § 2000e et seq. ("Title VII").

Presently before the Court is Defendant's motion, brought pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P., to dismiss the Complaint. For the reasons described below, that motion is GRANTED.

### BACKGROUND

For almost thirty years, Plaintiff worked as a personnel associate at SUNY. (See Compl. ¶ 9, ECF No. 1.) In November 2014, she filed an "internal complaint of racial discrimination," asserting that a younger, white co-worker was getting preferential treatment. (Compl. ¶¶ 10–11.) Plaintiff alleges that her supervisor later called the complaint "kindergarten behavior." (Id. ¶ 12.) Then, in May 2015, she was fired.

Based on these facts, Plaintiff claims that she was fired in retaliation for her involvement in the internal complaint. She thus brings six claims for various violations of federal, state, and New York City laws. Defendant asserts that Plaintiff was never discriminated against, and that she was fired as part of a "reduction in force implemented due to budget constraints." (Mem. of Law in Support of Def.'s Mot. to Dismiss at 1, ECF No. 11.) It urges dismissal because this Court lacks jurisdiction to hear certain claims (see Rule 12(b)(1), Fed. R. Civ. P.), and the remainder fail to state a claim upon which relief can be granted. See Rule 12(b)(6), Fed. R. Civ. P.

### DISCUSSION

A case is properly dismissed under Federal Rule of Civil Procedure 12(b)(1) when a district court lacks the statutory or

constitutional power to adjudicate it. Makarova v. U.S., 201 F.3d 110, 113 (2d Cir. 2000). In this case, the Court must consider its power to adjudicate claims brought against a state, since Defendant SUNY is "an integral part of the government of the State [of New York] and when it is sued the State is the real party." Dube v. State Univ. of New York, 900 F.2d 587, 594 (2d Cir.1990). Thus, consideration of Defendant's motion must begin with a discussion of the Eleventh Amendment of the Constitution of the United States, which provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

## I. Sovereign Immunity

■ Under the Eleventh Amendment, "nonconsenting States may not be sued by private individuals in federal court," Bd. of Trustees v. Garrett, 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001), including in suits brought by their own citizens. Dube, 900 F.2d at 594 (citing Dwyer v. Regan, 777 F.2d 825, 835 (2d Cir.1985)). That immunity extends "not only to [ ] state[s], but also to entities considered 'arms of the state'" McGinty v. New York, 251 F.3d 84, 95 (2d Cir.2001) (quotation omitted), such as SUNY.

This immunity, however, is not absolute. A state can still be sued in two scenarios. First, as implied by the grant of immunity to *nonconsenting* states, a state can give up its immunity on consent. Defendant has not consented.

■ Second, Congress can abrogate a state's immunity under authority granted by Section 5 of the Fourteenth Amendment, which allows it to pass statutes enforcing that Amendment. See U.S. Const. amend. XIV, § 5; Fitzpatrick v. Bitzer, 427 U.S. 445, 454, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). But Congress has not passed any statutes abrogating New York's immunity from the laws on which Plaintiff bases five of her six claims: 42 U.S.C. § 1981,[1] New York State Executive Law,[2] or New York City Human Rights Law.[3] Therefore, to the extent Defendant's motion seeks dismissal of those claims—namely, Counts One, Two, Three, Five, and Six—the motion is granted.

Congress did, however, abrogate states' immunity to suit under Title VII of the Civil Rights Act of 1964 (see Rother v. NYS Dep't of Corr. & Cmty. Supervision, 970 F.Supp.2d 78, 90 (N.D.N.Y.2013)), so that Plaintiff's claim under that law, Count Four, does not fail on sovereign immunity grounds. But as described below, that claim must also be dismissed.

## II. Title VII, 42 U.S.C. § 2000e et seq.

■ Defendant seeks dismissal of Count Four pursuant to Fed. R. Civ. P. 12(b)(6), since the exhaustion of certain administrative remedies is "an essential element' of the Title VII ... statutory scheme[ ] and,

---

**1.** See Moore v. New York State Div. of Parole, No. 06 Civ. 1973 CPS (JO), 2008 WL 4394677, at *7 (E.D.N.Y. Sept. 23, 2008) ("Congress, in enacting § 1981, did not override New York State's Eleventh Amendment immunity.").

**2.** See Lambert v. New York State Office of Mental Health, No. 97 Civ. 1347 (JG), 2000 WL 574193, at *7 (E.D.N.Y. Apr. 24, 2000), aff'd, 22 Fed.Appx. 71 (2d Cir.2001) ("[D]istrict courts in this circuit have uniformly found [that] the New York Human Rights Law [New York State Executive Law § 296] includes no waiver of the state's immunity to suit in federal court.").

**3.** See Feingold v. New York, 366 F.3d 138, 149 (2d Cir.2004) ("The City of New York does not have the power to abrogate the immunity of the State[.]").

as such, a precondition to bringing such claims in federal court." Legnani v. Alitalia Linee Aeree Italiane, S.P.A, 274 F.3d 683, 686 (2d Cir.2001) (quotation omitted). Thus, in order to state a plausible claim under Title VII (see Fed. R. Civ. P. 12(b)(6)), Plaintiff must have filed a timely complaint with the EEOC and obtained a right-to-sue letter. See Deravin v. Kerik, 335 F.3d 195, 199–200 (2d Cir.2003).

### A. Plaintiff failed to exhaust her administrative remedies.

■■■■ After her termination, Plaintiff did file a timely charge and receive a right-to-sue letter. Having done so, Plaintiff may only bring claims that were "included in or are 'reasonably related to' the allegations contained in" her charge. Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 83 (2d Cir.2001). "Reasonably related" claims include: (1) claims which "would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge"; (2) claims "alleging retaliation by an employer against an employee for filing an EEOC charge"; and (3) claims alleging "further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." Butts v. City of N.Y. Dep't of Hous. Pres. and Dev. 990 F.2d 1397, 1402–03 (2d Cir.1993) (quotation omitted). Further, "claims that introduce a 'wholly different type of discrimination' from that in the administrative charge are typically deemed to be not reasonably related." Young v. U.S. Dep't of Homeland Sec., No. 10 Civ. 9571 (RJS), 2011 WL 6057849, at *2 (S.D.N.Y. Dec. 5, 2011) (quoting Gutierrez v. City of N.Y., 756 F.Supp.2d 491, 499 (S.D.N.Y.2010)).

■■■■ A studied comparison of Plaintiff's EEOC charge and her Complaint reveals that their allegations are not reasonably related. The charge complains of discrimination based on *age*, exclusively. In it Plaintiff wrote: "I am 53 years of age. Because of this, I have been subject to unlawful discriminatory actions." (Arz Dec. Ex. 2 at 1, ECF No. 10-2.)[4] In response to the question "I believe I was discriminated against because of my: [...]," she checked only "Age" and did not select any other options, even though "Race/Color or Ethnicity" and "Retaliation" were available. (Id. at 5.) In the narrative portion, she described her termination without mentioning race, retaliation, or the internal complaint that allegedly led to her firing in the first place. (See id. at 8.)[5]

This singular message—the only one reasonably drawn from the charge—is reflected in the EEOC's response, which only addresses age discrimination. (See Arz Dec. Ex. 5 at 1, ECF 10-5 (stating that Plaintiff "charg[ed] the above-named respondent with an unlawful discriminatory practice relating to employment because of age" and, later, that "Complainant claims that her employment was terminated because she was 53 years of age").) The scope of the EEOC's investigation thus understandably focused on age, and Plaintiff's delayed accusations involving race and retaliation clearly fall outside of it.

---

4. On a 12(b)(1) motion to dismiss, a district court may consider documents outside the Complaint, like the EEOC charge. See Makarova, 201 F.3d at 113.

5. Plaintiff's attorney mentioned race and retaliation—for the first time—in his rebuttal letter to the EEOC. (See Arz Dec. Ex. 4, ECF No. 10-4.) But that letter does "not enlarge the scope of the charge to encompass new unlawful employment practices or bases for discrimination" Holtz, 258 F.3d at 83. Only an amendment to the original charge can do so, for purposes of exhausting administrative remedies. See id.; Robinson v. Getinge/Castle, Inc., No. 02 Civ. 6049, 2005 WL 272964, at *7 (W.D.N.Y. Feb. 2, 2005) (a "rebuttal letter" to an EEOC's response "cannot be considered part of the original charge").

The allegations concerning Title VII violations are thus not reasonably related to those in her charge. Plaintiff failed to exhaust her administrative remedies and dismissal is granted as to Count Four.

## CONCLUSION

For the above reasons, Defendant's motion is granted. Plaintiff's claims are dismissed.

SO ORDERED.