*Joseph v. Cnty. of Westchester*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of April, two thousand twenty-five.

Present:
> JOHN M. WALKER, JR.,
> DENNY CHIN,
> MICHAEL H. PARK,
> *Circuit Judges*.

_____

Thomas T. Joseph,

> *Plaintiff-Appellant*,

v.                                                                     24-523

County of Westchester, DCMH, Thomas S. Poovappallil, Supervisor, DCMH,

> *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:           Thomas T. Joseph, pro se, White Plains, NY.

FOR DEFENDANTS-APPELLEES:       Shawna C. MacLeod, *of Counsel*, *for* John M. Nonna, Westchester County Attorney, White Plains, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Halpern, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Thomas Joseph, proceeding pro se, appeals from the district court's dismissal of his claims under Title VII of the Civil Rights Act of 1964 ("Title VII") as time-barred. In 2018, Joseph filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging that his former employer, the Westchester County Department of Community Mental Health ("DCMH") and its Supervisor Thomas Poovappallil ("Defendants"), discriminated against him and retaliated against him on the basis of gender. The EEOC dismissed Joseph's complaint and issued a right-to-sue letter on October 15, 2019. In January 2020, he commenced a federal action, which was dismissed for lack of subject-matter jurisdiction because he failed to identify any basis for federal jurisdiction. *Joseph v. Westchester Cnty.*, No. 20-CV-420, 2022 WL 2079089 (S.D.N.Y. June 9, 2022).

In October 2022, Joseph commenced a new action under Title VII. The district court granted Defendants' motion to dismiss as time-barred and declined to exercise supplemental jurisdiction over any remaining New York State Human Rights Law ("NYSHRL") claims. *Joseph v. Cnty. of Westchester DCMH*, No. 22-CV-08742, 2024 WL 167334 at *2–4 (S.D.N.Y. Jan. 16, 2024). Joseph now appeals that dismissal. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We "review the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time*

2

*Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013). Under Title VII, "a claimant may bring suit in federal court only if [he] has filed a timely complaint with the EEOC and obtained a right-to-sue letter." *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (citing 42 U.S.C. § 2000e-5(e) and (f)). A Title VII plaintiff "must then file an action in federal court within 90 days of receiving a right-to-sue letter from the agency." *Duplan v. City of New York*, 888 F.3d 612, 622 (2d Cir. 2018) (citing 42 U.S.C. § 2000e-5(f)(1)).

The district court correctly concluded that Joseph's Title VII claim was time-barred. The EEOC issued Joseph a right-to-sue letter on October 15, 2019. The time to file runs from the plaintiff's receipt of the right-to-sue letter, 42 U.S.C. § 2000e-5(f)(1), and Joseph had possession of the letter sometime before January 15, 2020, when he attached it to his complaint in his first federal action. Joseph did not commence this action until October 11, 2022, long after the 90-day limitations period had passed. Moreover, Joseph's first federal action did not toll the 90-day limitations period. *See Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) ("In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not 'toll' or suspend the 90–day limitations period."). The district court thus properly concluded that Joseph's Title VII claim was time-barred.

The district court also correctly concluded that equitable tolling was not warranted. "[E]quitable tolling is only appropriate in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli–Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (cleaned up). Joseph alleges that, in his first action, he had mistakenly suggested that he was not seeking to assert federal claims. But his first federal action was dismissed only after he was permitted to amend his complaint multiple times, and he did not seek to appeal the dismissal of that action. Nor did he appeal the denial of his subsequent

requests to re-open that action.  He therefore did not show that he was "prevented in some extraordinary way from exercising his rights."  *See id.* (internal quotation marks omitted).

Finally, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over any NYSHRL claims.  "[A] district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'"  *Kolari v. N.Y. Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)).

\*     \*     \*

We have considered Joseph's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4